-FILED-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

AUG 07 2017

At_____M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CRAIG CUNNINGHAM, Pro-se )
)
*Plaintiff* )
) CIVIL ACTION NO.: 2:17-cv-00077
v. )
)
Foresters Financial holding Company, Inc., et al

*Defendants.*

### Plaintiff's Response In Opposition to Defendant's Motion to Dismiss, docket 31

1. The Plaintiff in this case hereby files this response in opposition to the Motion to Dismiss filed by Octavia Pugh.

   **The Defendant fails to state any basis for dismissal with prejudice**

2. Defendant Pugh generally states that pursuant to rule 12 of the Indiana Rules of Civil Procedure, that the Plaintiff's complaint should be dismissed with prejudice.

3. Despite citing rule 12 of the Indiana Rules of Civil procedure, she cites none of the Indiana Rules of civil procedure in her motion or elements of these rules and how they apply to this case.

4. The basis for dismissal she argues is that she denies that she was an employee of Insurance Professionals of America, Inc. Defendant Pugh also denies purchasing leads from Oracle Senior Insurance Group.

5. Dismissal is not warranted at this point by the court, simply because the Plaintiff's claims must be assumed true for the purposes of a motion to dismiss. The Defendant denying the Plaintiff's claims are true is irrelevant at this stage in

Nowhere in her motion does she state that the Plaintiff fails to properly allege these elements of a TCPA claim, and thus dismissal based on failure to state a claim is unwarranted.

**Defendant Attempts to Shoehorn Affirmative Defenses as Cause for Dismissal**

9. The Defendant seems to be asserting affirmative defenses, which arguably could mitigate a claim, as the grounds for dismissal, citing that any damages sustained were not caused by Defendant Pugh. This s not a valid grounds for dismissal or dismissal with prejudice. Furthermore, these are summary judgment defenses at best, and are improperly presented in the form of a motion to dismiss.

**The Defendant Fails to Adequately Argue the Court Lacks Personal Jurisdiction Over Her.**

10. The Defendant claims that there the court lacks personal jurisdiction over her, but fails to state again why, fails to include any evidence, discussion of minimum contacts, affidavits or any evidence to support the assertion that the court lacks personal jurisdiction. The Defendant fails to cite if the court lacks general or specific personal jurisdiction over her. Dismissal for lack of personal jurisdiction is improper.

**Subject Matter Jurisdiction**

11. The Defendant claims that the court lacks subject matter jurisdiction, but fails to consider the US Supreme Court's ruling in Mims v Arrow Financial Services, LLC (10-1195) US, (2011) in which the US Supreme court ruled that : *"The TCPA's permissive grant of jurisdiction to state courts does not deprive the U. S. District Courts of Federal question jurisdiction over private TCPA suits."*

Respectfully submitted 8/3/2017

Craig Cunningham, projectpalehorse@hushmail.com

Plaintiff, Pro-SE

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, Tn 37211

615-348-1977