UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FORESTERS FINANCIAL SERVICES, INC., )<br>et al., )<br>    Defendants. ) | CAUSE NO.: 2:17-CV-77-RL-PRC |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel, Motion for Sanctions, and Motion for an Order of Contempt [DE 67], filed by pro se Plaintiff Craig Cunningham on January 10, 2018.

In the motion, Plaintiff asks the Court to issue an order compelling non-party Braintree, Inc. to comply with a subpoena and produce the information requested in the subpoena. Plaintiff also asks the Court to sanction Braintree, Inc. in the amount of $10,000 for ignoring the subpoena and to hold Braintree, Inc. in contempt of court.

Federal Rule of Civil Procedure 45(g) provides: "The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, *having been served*, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g) (emphasis added). Rule 45(b)(4), titled "Proof of Service," provides: "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed. R. Civ. P. 45(b)(4).

Plaintiff represents that "Braintree has been served with a subpoena from this court and a return of service is on file for the subpoena." (ECF 67, ¶ 5). Plaintiff further represents that

Plaintiff's subpoena was delivered on December 26, 2017. *Id.* at ¶ 8. The Court has reviewed the docket and is unable to locate a return of service for a subpoena issued to Braintree, Inc. either after December 26, 2017, or anywhere else on the docket. Therefore, Plaintiff has not proved that a subpoena was served on Braintree, Inc.

In addition, the certificate of service accompanying the instant motion indicates only that the motion was served on the Defendants in this case. The motion does not show that the motion was served on the subpoenaed party, Braintree, Inc., against whom relief is sought. Thus, Braintree, Inc. has had no opportunity to provide an explanation for any alleged failure to obey a subpoena.

Accordingly, the Court hereby **DENIES without prejudice** Plaintiff's Motion to Compel, Motion for Sanctions, and Motion for an Order of Contempt [DE 67].

SO ORDERED 31st day of January, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   Pro se Plaintiff