UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>FORESTERS FINANCIAL SERVICES, INC.; MICHAEL SAMAROO; MAHENDRA SAMAROO; AMERICA INSURANCE GROUP, LLC; JAY POLITI; NATIONWIDE SENIOR MARKETING, INC.; KATIE BOLING; NICHOLAS POLITI; NATIONWIDE SENIOR SERVICE INC.; and VIPCO ADVISORS, INC.,<br><br>Defendants. | CAUSE NO.: 2:17-CV-77-TLS |

**OPINION AND ORDER**

This matter is before the Court on Defendant Foresters Financial Services, Inc.'s Motion for Summary Judgment [ECF No. 80]. For the reasons set forth below, the Court denies the motion pursuant to Federal Rule of Civil Procedure 56(d)(1).

**PROCEDURAL BACKGROUND**

On February 17, 2017, Plaintiff Craig Cunningham, proceeding without counsel, filed a Complaint [ECF No. 1] against twenty-one defendants, alleging that Defendant Foresters Financial Services, Inc. ("FFS") and others violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, through the use of pre-recorded messages. Compl. ¶ 25, ECF No. 1.

On May 17, 2017, Plaintiff filed an Amended Complaint.[1] The Amended Complaint alleges that FFS is a "Tennessee corporation." Pl.'s Am. Compl. ¶ 2, ECF No. 22. Plaintiff

---

[1] With the filing of the Amended Complaint, the claims against Defendants United Life Associates, LLC and Andrew Decos were dropped.

alleges that "the defendant insurance companies have issued a high volume of insurance quotes—and made substantial sales of products and services—derived through illegal telemarketing calls placed by their co-defendants." *Id.* ¶ 32. Relevant to the instant motion, Plaintiff alleges that FFS actively participated in the telemarking calls through the actions of its agents. *Id.* ¶ 33.

Plaintiff alleges that, in 2016, he received over forty telephone calls to two different cell phone numbers. *Id.* ¶ 77, ECF No. 22. He alleges that many of the calls contained the following prerecorded message promoting life insurance:

> Attention all seniors between the ages of 55 and 85 years of age who may not have life insurance or are concerned they may not have enough. You have been qualified for a plan that will never expire and premiums that will never go up. Press 1 now. There are no medical exams for this coverage and you can be insured as early as tonight.

*Id.* ¶ 79. Plaintiff further alleges that, in the instances when he was able to speak with a person after the recording, he "determined that they were all selling final expense life insurance by Forester's." *Id.* at ¶ 81.[2] Plaintiff alleges that "Foresters" provided him with "insurance quotes" and "offered insurance" and that the Foresters defendants "issued insurance policies to persons who accepted such quotations based on the illegal calls . . . ." *Id.* ¶¶ 55, 59. Plaintiff alleges that two of the insurance agents he spoke with were Gilbert Swets and Octavia Pugh. *Id.* ¶¶ 85, 88. Plaintiff alleges that an application, apparently his own, was submitted electronically to "Foresters insurance." *Id.* ¶ 85.

On August 25, 2017, FFS filed a Motion to Dismiss [ECF No. 57], arguing that, as conceded in paragraph 54 of the Amended Complaint, *see* Am. Compl. ¶ 54, FFS did not make any of the alleged calls but rather that the co-defendants made the calls. On January 9, 2018,

---

[2] Two paragraphs on page 17 of the Amended Complaint are numbered as ¶ 81. This quotation references the first of the two paragraphs.

then-presiding Judge Rudy Lozano granted in part the motion and dismissed without prejudice the claims against FFS based on a theory of direct liability. Jan. 9, 2018 Opinion and Order 2, 16, ECF No. 66. However, the Court denied the motion as to the claim based on vicarious liability against FFS, and the claim remains pending. *Id.* 16–21.

In the January 9, 2018 Opinion, the Court further dismissed the claims against Defendants Angela Harris, Insurance Professionals of America, Inc., Octavia Pugh, and Foresters Financial Holding Company, Inc. for lack of personal jurisdiction. *Id.* 2, 12, 13, 14.

On April 3, 2018, the Magistrate Judge held a Rule 16(b) preliminary pretrial conference [ECF No. 77] and set deadlines, including a discovery deadline of December 31, 2018.

On August 1, 2018, FFS filed the instant Motion for Summary Judgment [ECF No. 80]. On September 14, 2018, the Court issued an order requiring FFS to comply with Northern District of Indiana Local Rule 5601(f) and *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), by providing Plaintiff with the requisite Notice to *Pro Se* Litigant. Sept. 14, 2018 Order, ECF No. 86. FFS issued the Notice [ECF No. 87] on September 17, 2018. On October 24, 2018, Plaintiff timely filed a response [ECF No. 89] to the Motion for Summary Judgment as well as an Affidavit [ECF No. 90]. On November 7, 2018, FFS filed a reply [ECF No. 94] in support of summary judgment.

On January 18, 2019, a Local Rule 41-1 Notice [ECF No. 100] was issued, and, on February 19, 2019, Plaintiff filed a Motion for Default Judgment [ECF No. 104] against the following Defendants against whom he had obtained an entry of default [ECF No. 56]: Michael Samaroo, Mahendra Samaroo, America Insurance Group, LLC, Nicholas Politi, Jay Politi, Nationwide Senior Marketing, Inc., and Katie Boling. Despite also obtaining an entry of default

against Nationwide Senior Service, Inc., ECF No. 56, Plaintiff did not include Nationwide Senior Service, Inc. in his Motion for Default Judgment, *see* Motion for Default J., ECF No. 104.

On May 1, 2019, this case was reassigned to the undersigned as presiding judge. ECF No. 110.

On June 25, 2019, on Plaintiff's motion, the Court dismissed without prejudice Defendants Oracle Senior Insurance Group, Inc., Jason Gsoell, Apptical Corp., Glea Gsoell, Pinnacle Senior Insurance Group Corp., I Click Advanced Marketing Company, Axis Benefit Solutions, Inc., Axis Advisory Group, Inc., and Roderic Boling. ECF No. 111. The Court also dismissed with prejudice Defendant Gilbert Swets.

The Court notes that summons were issued and returned as to Defendant VIPCO Advisors, Inc. [ECF Nos. 2, 50]. Defendant VIPCO Advisors, Inc. did not respond, but Plaintiff has not sought an entry of default or taken any other action against VIPCO Advisors, Inc.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has explained that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the moving party has properly supported his motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). Within this context, the Court must

construe all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550 (7th Cir. 2017).

## MATERIAL FACTS

Foresters Financial Services, Inc. (FFS) was created and incorporated under the laws of the State of New York with its principal place of business in the State of New York. Def.'s Br., Ex. 2 ¶ 3 (Karris Aff.), ECF No. 82-1. Between June 1968 and September 2015, the name of the entity was First Investors Corporation, and, in September 2015, the name was changed to Foresters Financial Services, Inc. *Id.* ¶ 4. FFS is a registered broker-dealer that effectuates securities transactions on behalf of its customers. *Id.* ¶ 5. It has independent registered representatives who assist FFS customers with their securities transactions. *Id.*

FFS is also a licensed insurance agency with independent contractors who are appointed insurance producers for more than one insurer that underwrites, manufactures, and issues life insurance products and annuities. *Id.* ¶ 6. However, FFS is not the insurance company for any life insurance products or annuities that are the subject of applications completed by those independent contractors. *Id.* FFS is not and has never been a life insurance company. *Id.* ¶ 7. At no time, including in 2016 or thereafter, has FFS underwritten or issued life insurance products or annuities. *Id.* FFS does not manufacture life insurance products, nor does it enter into life insurance contracts with customers. *Id.* FFS does not maintain reserves for the payment of life insurance death benefit claims. *Id.* FFS does not pay death benefit claims. *Id.*

In his Affidavit, Mr. Karris avers that records dating back to 1985 confirm that neither Gilbert Swets nor Octavia Pugh have been contracted agents with FFS and neither had any contractual or other relationship with FFS. *Id.* ¶ 8. Records dating back to 2002 for active and inactive policies and for insurance applications for which there is no associated insurance policy,

verify that no application for life insurance was submitted to FFS for a life insurance product with the insured or owner being designated as Craig Cunningham. *Id.* ¶ 9.

## ANALYSIS

In his Amended Complaint, Plaintiff alleges that FFS and other defendants are liable under the Telephone Consumer Protection Act ("TCPA") for calling his telephone numbers in an effort to sell life insurance coverage. Although the Court dismissed Plaintiff's TCPA claim against FFS based on direct liability, a claim of vicarious liability under the TCPA remains pending against FFS. In the instant motion for summary judgment, FFS argues that it has been erroneously named in this lawsuit as it is not a life insurance company and does not underwrite, manufacture, or issue life insurance policies. Plaintiff, responds that, pursuant to Federal Rule of Civil Procedure 56(d), additional discovery is required before he can file a response.

FFS has offered evidence that, although it is a licensed insurance agency with independent contractors that serve as appointed insurance producers for more than one insurer, it is not the insurance company for any life insurance products or annuities that are the subject of applications completed by those independent contractors. FFS has further offered evidence that at no time has it underwritten or issued life insurance products. FFS argues that, because it is not the insurer for any insurance product allegedly being marketed through the use of robocalls, it cannot be held liable on the claim of vicarious liability that remains pending against it. In other words, FFS argues that nothing allegedly done by any of the other defendants could have been done on behalf of FFS.

In response, Plaintiff argues that additional discovery is necessary in order for him to respond to the motion for summary judgment, submitting an affidavit in support thereof. Federal Rule of Civil Procedure 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration

that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In his affidavit submitted pursuant to Rule 56(d), Plaintiff avers that he "received several calls from Gilbert Swets and Octavia Pugh selling life insurance from Foresters. I have not reviewed the individual agent contracts with Gilbert or Octavia and I have not seen which Foresters entity they signed up with or which entity's policies they are selling." Pl.'s Aff., ECF No. 90. He further avers that he does "not have enough information at this time to determine which Foresters entity was involved one way or the other." *Id.* Plaintiff argues in his response brief that he needs additional discovery to determine the relationships between the parties and whether there are disputes of fact regarding FFS's relationship with the individuals who made the phone calls. At the time FFS's Motion for Summary Judgment was filed on August 1, 2018, the Rule 26(f) scheduling conference had taken place just four months earlier on April 3, 2018, and five months remained before the close of discovery, scheduled for December 31, 2018. Thus, FFS's argument in its reply brief that Plaintiff delayed in conducting discovery is not well taken.

Although FFS argues that it cannot be vicariously liable without Plaintiff first establishing that it is a life insurance company, FFS cites no legal standard regarding either the TCPA or vicarious liability as it relates to the TCPA and Plaintiff's claims. As the Court noted in the January 9, 2018 Opinion, "Under certain circumstances, parties that do not initiate calls may be held vicariously liable for TCPA violations committed by third-party telemarketers 'under a broad range of agency principles, including *not only* formal agency, but also principles of apparent authority and ratification.'" Jan. 9, 2018 Opinion 15–16 (quoting *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013)). FFS offers no legal analysis to support its position that,

because FFS does not underwrite or issue life insurance policies, the actions of third parties cannot render FFS liable based on vicarious liability for the phone calls under the TCPA. Although FFS offers evidence in the form of Mr. Karris' Affidavit that a records search shows that FFS did not have a contractual relationship with either Gilbert Swets or Octavia Pugh, Plaintiff's Affidavit indicates that discovery is required to determine the relationship between Mr. Swets and Ms. Pugh and the various Foresters entities. After additional discovery, it may be that FFS will file an almost identical motion for summary judgment; however, Plaintiff should have the benefit of the full discovery period before FFS can argue that Plaintiff is unable to offer evidence to support a claim of vicarious liability.

As an alternative argument in the Motion for Summary Judgment, FFS contends generally that there is no evidence to support a theory of vicarious liability against FFS based on actual authority, apparent authority, or ratification. However, FFS does not develop these arguments in its motion; rather, FFS references the arguments made in its brief in support of its earlier-filed motion to dismiss. *See* Def.'s Br. 6, ECF No. 81 (referencing Mem. Support Mot. to Dismiss 10–17, ECF No. 58). The attempt to incorporate by reference those arguments is not well taken. The previous arguments on vicarious liability were made in the context of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and not in the summary judgment context. Moreover, the Court was not persuaded by the arguments and denied the motion to dismiss on that basis. *See* Jan. 9, 2018 Opinion 16–21. Notably, in denying the Rule 12(b)(6) motion on the claim of vicarious liability, the Court discussed in detail the need for the Plaintiff to conduct discovery: "This is the case here, where Plaintiff likely does not have access to facts to more precisely identify each defendant's role without the benefit of discovery." Jan. 9, 2018 Opinion 20. FFS has not made specific arguments as to vicarious

liability in the context of this Rule 56 motion for summary judgment. Here, FFS asserts only that "Plaintiff will be unable to come forward with any evidence that FFS had any relationship with any person or entity that allegedly made the robocalls." Def.'s Br. 6. Once again, less than half of the discovery period had passed when FFS filed its motion for summary judgment, and Plaintiff has responded with a properly supported Rule 56(d) motion that additional discovery is necessary.

Accordingly, because limited additional discovery is warranted, the Court denies FFS's Motion for Summary Judgment pursuant to Rule 56(d)(1). The Court will reset a limited discovery period in order for Plaintiff to conduct the necessary discovery on vicarious liability, and FFS is granted to leave to file a renewed Motion for Summary following the close of that discovery period.

Finally, although Plaintiff received a Local Rule 41-1 Notice, which prompted the filing of the Motion for Default Judgment [ECF No. 104], in this instance, the Court prefers to withhold consideration of default judgment as to the defaulted parties until the claims against non-defaulted FFS is adjudicated on the merits. Accordingly, the Court denies without prejudice the Motion for Default Judgment and grants Plaintiff leave to refile the motion following resolution of his claim against FFS.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendant Foresters Financial Services, Inc's Motion for Summary Judgment [ECF No. 80] and DENIES without prejudice the Motion for Default Judgment [ECF No. 104]. The Court will set this matter for a telephonic scheduling conference by separate order (1) to reset a limited discovery period to allow Plaintiff to conduct

discovery relevant to his TCPA claim based on vicarious liability against FFS and (2) to set a dispositive motion deadline.

      SO ORDERED on May 20, 2020.

                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT